PER CURIAM.
The defendants in a wrongful death action have appealed from a final judgment awarding damages to the plaintiff-widow, based upon a jury verdict. We have heard the oral argument of counsel, read and considered the record and briefs, and find that the appellants have failed to demonstrate reversible error, and affirm that part of the judgment awarding the said damages.
The appellee, however, has filed herein cross-assignments of error, including one that the trial court erred in allowing “100 per cent recovery on equitable distribution and refused to allow plaintiff’s attorneys a fee from the amount allowed as a recovery to the compensation carrier.”
In the final judgment before us, after awarding $200,000 damages to the plaintiff for the wrongful death of her husband, the trial court provided:
“Pursuant to Section 440.39, Florida Statutes (F.S.A.), the employer, DEL-COOK TIMBER COMPANY, shall recover the sum of $15,500.00 of this judgment, [less 33i/3-% attorneys’ fees for the plaintiff’s attorneys from this judgment,] against DEL-COOK TRUCKING COMPANY and LIBERTY MUTUAL INSURANCE COMPANY, as its equitable distribution of workmen’s compensation benefits paid or to be paid to MAXINE BRISTOL, widow of RAYMOND BAILEY BRISTOL, Deceased, and her two (2) minor children.”
The words enclosed in brackets in the above quotation were crossed out and hence deleted from the judgment by the trial court.
By way of clarification as to the two corporations mentioned in the above-quoted paragraph of the judgment, the Del-Cook Timber Company was the employer of the plaintiff’s husband at the time of his death, and the Liberty Mutual Insurance Company was the workmen’s compensation carrier, which corporations had paid or were to pay to the plaintiff the death benefits to which she was entitled under the workmen’s compensation law of Florida.
Section 440.39, Subdivision 3(a), Florida Statutes, F.S.A., which was cited in the above-quoted paragraph of the judgment, is- a part of the Florida Workmen’s Compensation Law and provides in pertinent part as to actions at law by an employee or his defendants against a third party tort-feasor:
“Upon suit being filed the employer or the insurance carrier, as the case may be, may file in the suit a notice of payment of compensation and medical benefits to the employee or his dependents, which said notice shall be recorded and the same shall constitute a lien upon any judgment recovered to the extent that the court may determine to be their pro rata share for compensation benefits paid or to be paid under the provisions of this law, based upon such equitable distribution of the amount recovered as the court may determine, less their pro rata share of all court costs expended by the plaintiff in the prosecution of the suit inchid-ing reasonable attorney’s fees for plaintiffs attorney, such proration of court costs and attorney’s fees to be made by the judge of the trial court upon application therefor and notice to adverse party. Notice of suit being filed and notice of payment of compensation benefits shall be served upon the compensation carrier and upon all parties to the suit, or their attorneys of record.” (Emphasis supplied.)
While the record before us is not entirely clear as to why the trial court failed to include a reasonable attorney’s fee for the *150 plaintiff’s attorney when the court invoked the said statute providing for equitable distribution as to the deceased’s employer and compensation carrier, we think that the trial court erred in failing to provide for such an attorney’s fee. Under the circumstances shown in this record, in invoking a part of Section 440.39(3) (a) in favor of the employer and compensation carrier, the trial court should have applied that other part of the statute by including “a reasonable attorney’s fee for the plaintiff’s attorney,” who had provided the legal services that enabled the employer and compensation carrier to be reimbursed for the death benefits they had paid to the plaintiff under the Florida Workmen’s Compensation Law.
Therefore, that part of the judgment appealed from in which the court failed to provide an attorney’s fee for the plaintiff’s attorneys under Section 440.39, is reversed, and the judgment is otherwise affirmed, and the cause is remanded for further proceedings consistent with the views herein-above expressed.
Affirmed in part and reversed in part.
CARROLL, DONALD K„ Acting C. J., and RAWLS and JOHNSON, JJ., concur.